SPOFFORD and others *v.* MANNING and another.

A party who disclaims and shows he has parted with his interest and points out to whom he has disposed of it, need not answer further.

A disclaimer may be sufficient to take away the complainant's right to a further answer, and yet not entitle the party disclaiming to an immediate discharge from the suit.

Where a defendant disclaims, the complainant may bring the suit to a hearing, and if there were probable cause for making such defendant a party, the complainant may have a decree against him and all claiming under him—and this too (as to such disclaiming party) without costs.

*July 22, 1834.*

*Exception. Disclaimer. Practice. Costs.*

An action of ejectment in the Supreme Court, had been brought in the names of the defendants, Robert Manning, and Alfred Crommelin, against the present complainants, Paul Spofford, Thomas Tileston and Henry Raymond, to recover certain undivided parts or shares of a house and lot, known as No. 27 Peck Slip, in the city of New York. Issue was joined and the cause stood noticed for trial, when the complainants filed their bill for an injunction to restrain the proceedings at law ; and prayed to be quieted in the possession of the property and that the defendants might be decreed to release all the right and title which they set up or claimed.

The defendant, Alfred Crommelin, put in a general answer and disclaimer, which stated that, being owner of an undivided part of the premises, he did, on the fifth day of April, one thousand eight hundred and thirty-one, for the consideration of seven hundred dollars, grant, bargain, sell and convey to his co-defendant, Robert Manning, all his estate, right, title and interest in the property ; and that the defendant, Crommelin, had not since claimed and did not then claim any right, title or interest therein, and, therefore, he disclaimed all right, title and interest in the premises and every part thereof. His answer, then, concluded with a

denial of all combination, and a general traverse in the usual form of an answer.

The complainants excepted to the answer for insufficiency, on the ground of the defendant's not answering particularly all the allegations in the bill. The master allowed the exception; and the matter now came before the court upon an exception to his report.

Mr. Manning, the other defendant, had demurred to a part of the bill, and, to the residue, he had given an answer; and, the court, as will be seen, also passed upon this demurrer.

Mr. *E. Paine*, for the complainant.

Mr. *H. W. Warner* and *Mr. R. Manning*, for the defendants.

THE VICE-CHANCELLOR :—As to the exception :—Is this a proper case for a disclaimer; and has the defendant, Alfred Crommelin, shown sufficient to excuse himself from any further discovery ?

This defendant permitted his name to be used as a plaintiff in the action of ejectment; and some of the counts in the pleadings at law are framed upon a right or title in him. So, there was cause for making him a party to the present bill, both as respects the discovery and the relief. It would, consequently, not appear to be a case for a mere simple disclaimer: because the effect of a disclaimer, in cases where it can properly be interposed, (as, where no liability rests upon the party disclaiming, and there can be no use in retaining him as a party to the suit) is to dismiss the bill as to him with costs. But a disclaimer can seldom be put in alone; for, as is observed in Mitf. (Edwards' Edit. 388.,) although a party defendant may, at the time, have no interest in the matter in question, yet as he may have had an interest which he has parted with, the plaintiff may require an answer sufficient to ascertain whether that is the fact or not, and if the defendant has had an interest which he has parted with, an answer is necessary to enable the plaintiff to make the proper party instead of the defendant disclaim-

ing. The defendant, in the present case, has not merely disclaimed; he has done more: he has stated, by way of answer, at the same time that, being an owner and interested in the property, he did, on a certain day, sell and convey all his right to the person who is made a co-defendant with him and that he hath not since claimed and doth not now claim to have any interest in the matter in question. Thus, the complainants are furnished with all the necessary information to enable them to proceed with their suit; and they have already, in the other defendant, the proper party against whom they can have all the relief which their bill seeks to obtain  Why then require a further answer from this defendant?  For the purpose of relief even against him it is not necessary; and if the object be a discovery, any which he could make would be useless: because his answer could not be read as evidence against his co-defendant.

The case of *Glassington* v. *Thwaites*, 2 Russ. 458, is referred to as containing the rule that a defendant cannot, by disclaimer, deprive a complainant of the right to a full answer from him, unless it is evident the defendant ought not, after such disclaimer, to be retained as a party. If by this is meant that, in all cases where a defendant may be permitted to disclaim, the bill will be dismissed as to him immediately, I apprehend the rule is laid down too broadly, and that what has fallen from the court in the case cited, does not warrant a rule to such an extent.

A disclaimer may be sufficient to take away the complainant's right to a further answer, and yet not entitle the party disclaiming to an immediate discharge from the suit. Where there is probable cause for making him a party, the complainant may not only be excused from paying him costs, but he may pray a decree against the defendant and all claiming under him since the time of filing the bill; and this is usually granted without costs on either side: Wyatt's Pract. Reg. 175. Some of the old books of practice lay it down that the complainant may have such decree by motion or petition: 1 Jacob's Chancery Practiser, 301; 1 Harrison's Ch. Pr. 235; while the modern writers evidently consider the cause may be brought to a hearing upon the disclaimer (a replication being unnecessary,) and, if it shall

appear, there is good reason for making the disclaiming party a defendant, the complainant may have the decree before spoken of against him : 1. Newland's Prac. 3d edit. 194; 1 Grant's Prac. 169. I see no objection to the adoption of such a course ; and in the case now under consideration, it appears to me that when this cause shall be in readiness for a hearing as to the other defendants, it may, at the same time, be heard as to the defendant Crommelin, upon the bill and his answer and disclaimer ; and then, upon the ground of there having been sufficient cause for making him a party, by reason of the use of his name in the action of ejectment, it will be competent for the court, by its decree, to enjoin him, as well as the other defendant, from permitting or making any further use of his name as a plaintiff or from proceeding upon the counts founded upon a supposed right or title in him, he having in fact previously parted with all his interest. Such a decree will effectually answer all the complainants' purposes, so far as respects the disclaiming party. If they shall be entitled to further relief— such as a perpetual injunction or a release to quiet their title and possession, they must ask it against the other defendant in whom the adverse title is now vested. For this purpose, or any other, it is not necessary the defendant Alfred Crommelin should be compelled to answer any further. I am of opinion the answer and disclaimer are sufficient as a pleading in the present case ; and, consequently, the exception to the master's report must be allowed, with costs.

There is another branch of this case, as respects the defendant Robert Manning, which is also to be disposed of. He has interposed a demurrer to a part of the bill, while he has answered as to the residue. The demurrer has been taken to facts in all respects similar or substantially the same as in *Leonard* v. *Crommelin*, 1 Edwards' Rep. 206, and it has brought under discussion like questions. I have looked into this case as presented upon the demurrer, in order to see if there were any distinction in principle ; and I am not able to discover upon what ground a conclusion can be formed at variance with that decision. This demurrer cannot be allowed.

The case of *The Attorney General* v. *Lord Lonsdale*, 1

Vol. II.    46

1834.

SPOFFORD<br>v.<br>MANNING.

1834.

SPOFFORD
v.
MANNING.

Sim. 105, which was not referred to when *Leonard* v. *Crommelin* was considered and decided, is now cited and relied upon as an authority to show that the doctrine of election can have no application to that or the present case. I apprehend, however, it will be found to contain no principle opposed to the latter decision. But it is unnecessary, at present, to enter upon this enquiry. The defendant will have all the advantage which a review of the doctrine and former adjudications can afford when the cause shall be heard upon an answer to the whole bill. At present, I think there is enough to require a full answer; and the demurrer must be overruled, with costs.